ELLIS, Judge.
This is an appeal from a judgment awarding plaintiff workmen’s compensation benefits for having been permanently and totally disabled in the course and scope of his employment.
Plaintiff was injured on November 18, 1963, when a heavy section of pipe fell and crushed his left index finger. At that time, he was employed as a welder. Following the injury, he underwent extensive treatment and had two operations on the finger, as a result of which the distal and second joints thereof were fused with the finger bent at an angle of approximately 45 degrees. Plaintiff retained the full motion of the third joint or knuckle of the finger. As the result thereof, the evidence shows that he had lost % of the use of his left index finger, and the treating physi *637 cian evaluated the loss of use of his left hand at 15%. The record further discloses that, except for the time immediately surrounding his two operations, plaintiff continued to work steadily as a welder. At the time of the trial, and for two months prior thereto, he was working as a pipefit-ter.
Plaintiff, who is right handed, claims that the loss of the use of his left index finger prevents him from properly carrying out the duties of his occupation. He alleges that it is dangerous for him to climb because of the loss of the strength of his grip in his left hand. He alleges that he is unable to pick up welding rods as easily as he did before, which makes him a slower welder. He alleges that he is unable to feed a welding rod into the flame when doing acetylene welding. He further alleges that he is more awkward when performing electric arc welding and does not do his work as well as it was done before he was injured.
Dr. Campanella, the orthopedic surgeon who treated plaintiff, testified that he should suffer no substantial loss of strength in his grip, and should be able to learn to use his hand almost as well as before the injury.
Lay witnesses who testified for plaintiff said that plaintiff had difficulty in welding pipe, and appeared to be clumsy in his work. A shop foreman testified that plaintiff needed help in lifting pipe, and that he considered it would be dangerous for plaintiff to work on a scaffold because of his hand. Another witness, who testified for defendant, said that plaintiff’s work appeared to be as good as before the accident. No one testified that his work was unsatisfactory. The record further shows that plaintiff never tried to do any acetylene welding after his injury.
Plaintiff worked as a welder continuously from the time of the accident until two months before the trial except at the time of his two operations. He did both field work and shop work, although he stated he did less of the former and had difficulty in climbing when he did. He said he was afraid to climb because of the loss of strength in his grip. No witnesses were presented to testify relative to plaintiff’s disability to work in the field. Plaintiff testified that he was able to continue as a welder because his fellow workers “carried” him.
The burden of proof which must be carried by plaintiff is set forth in Scarborough v. Nichols Construction Co., 110 So. 2d 811 (La.App. 1 Cir. 1959) as follows:
“The test of total and permanent disability is whether the injured employee is capable of performing the work, or the occupation, in which he was injured at the time of the injury or whether he is able to do the kind of work he is trained to do or customarily does in the usual and customary way and without any serious impairment in his capacity to perform such work * * * Further, in deciding cases of this character, each case must stand or fall on its own merits.”
Plaintiff’s main complaints are that he can no longer climb, and, therefore, cannot do field work; and that he cannot do acetylene welding.
However, he has admittedly worked steadily at his trade since the time of his injury, and his work has never been found unsatisfactory. The treating physician has testified that the injury complained of should not materially affect his ability to use the hand, or materially weaken his grip-
We find that, under all of the circumstances of this case, plaintiff has failed to prove that his capacity to do his work has been seriously impaired, or that he can no longer do it in the customary way.
The judgment appealed from is reversed, and there will be judgment in favor of defendant and against plaintiff, dismissing plaintiff’s suit at his cost.
Reversed and rendered.